GORSUCH, Circuit Judge, concurring in part and dissenting in part.
' I join my colleagues in all respects but one. Because Correctional Officers West, Johnson, and Flatt allegedly contributed to the delay in Mr. Webb’s arraignment, my colleagues reason, these individuals are not entitled to qualified immunity. Respectfully, however, I don’t believe this conclusion follows from that premise. Of course, the Fourth Amendment generally requires a prompt arraignment for any arrested person. See Gerstein v. Pugh, 420 U.S. 103, 114, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). And it’s also beyond dispute that Mr. Webb alleges he was denied a timely arraignment. But under the doctrine of qualified immunity, Mr. Webb may win damages from Messrs. West, Johnson, and Flatt only if he can show that the “contours of the right” to a timely arraignment were “sufficiently clear that ... reasonable officials]” in their position would have known that their actions violated his rights. Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); see also Saucier v. Katz, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (noting the key to liability is whether a reasonable officer “would understand *726 that what he is doing violates” federal law). And this much Mr. Webb has not done. He has not identified any decision clearly establishing as a matter of federal law that the right to a timely arraignment imposes a correlative duty on a jail’s correctional officers to ensure he is brought before a magistrate in a timely fashion.' And, respectfully, neither do my colleagues identify any such authority. See Order and Judgment at 8-9. Much to the contrary, the only relevant law anyone has cited to us comes from state law, and it indicates that the duty to ensure a constitutionally timely arraignment in Utah falls on the arresting officer — not on correctional officers. See Utah Code Ann. § 77-7 — 23(l)(a); McFarland v. Skaggs Cos., 678 P.2d 298, 301 (Utah 1984). Indeed, this court has already dismissed similar claims against a New Mexico officer who assisted in an arrest, but who was not the arresting officer responsible under state law for ensuring a timely arraignment. See Wilson v. Montano, 715 F.3d 847, 854-55 (10th Cir.2013). And, respectfully, I can discern no colorable way to distinguish this case from that one.